UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JIMMY LEE KROFT,
FDOC Inmate #X25395,
    Plaintiff,

v.                                             Case No. 1:24cv100/AW/ZCB

OFFICER WALKER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Lee Kroft is incarcerated in the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Docs. 4, 6). The Court has screened Plaintiff's complaint and recommends that this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b)(1) because Plaintiff has abused the judicial process.

The prisoner civil rights complaint form requires a prisoner to disclose his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for failing to accurately disclose

1

his litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to accurately disclose his litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal courts. (Doc.

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

4 at 8-12). Question C of that Section asked Plaintiff if he had "filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement." (*Id.* at 10). Plaintiff disclosed the following five cases:

(1) *Kroft v. Inch, et al.*, Case No. 2:20cv396 (M.D. Fla.)

(2) *Kroft v. Quaranta*, Case No. 2:22cv275 (M.D. Fla.)

(3) *Kroft v. Snider*, Case No. 2:22cv725 (M.D. Fla.)

(4) *Kroft v. Snider, et al.*, Case No. 2:22cv750 (M.D. Fla.)

(5) *Kroft v. O'Neal*, Case No. 2:24cv258 (M.D. Fla.)

(Doc. 4 at 11). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (*Id.* at 12).

Plaintiff, therefore, certified that at the time he filed this case on June 14, 2024, he had not filed any other state or federal lawsuits, habeas petitions, or appeals either challenging his conviction or relating to the conditions of his confinement.[2] The Court has screened Plaintiff's

---

[2] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the

complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A to determine whether it is subject to dismissal for any of the grounds listed, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to Public Access to Court Electronic Records (PACER), before Plaintiff filed the complaint in this case, he filed two undisclosed federal appeals that related to the conditions of his confinement:

> (1) *Kroft v. Charlotte CI Warden, et al.*, Case No. 23-11168 (11th Cir.) (filed Apr. 11, 2023) (appealing decision in *Kroft v. Snider, et al.*, Case No. 2:22cv750 (M.D. Fla.)); and

> (2) *Kroft v. Snider, et al.*, Case No. 23-11205 (11th Cir.) (filed Apr. 12, 2023) (appealing decision in *Kroft v. Snider*, Case No. 2:22cv725 (M.D. Fla.)).

Because Plaintiff filed these appeals prior to filing the current lawsuit and these appeals related to the conditions of Plaintiff's confinement, they should have been disclosed in Question C. *See generally Sheffield v. Brown*, No. 5:23-cv-238/TKW/MJF, 2023 WL

---

prisoner delivered it to prison authorities for forwarding to the court).

4

9105658, at *2 (N.D. Fla. Dec. 14, 2023) *adopted by* 2023 WL 9018377 (dismissing prisoner complaint as malicious where prisoner failed to disclose two prior appeals).

How does the Court know that this Jimmy Lee Kroft and the Jimmy Lee Kroft who filed the above appeals are the same person? The plaintiff in the above appeals listed FDOC Inmate #X25395 on his mailing envelopes for his notices of appeal. Plaintiff listed the same inmate number (#X25395) on the complaint form in this case. (Doc. 1 at 7-8; Doc. 4 at 1).

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

5

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misstated—under penalty of perjury—his prior litigation history on the complaint form. Consistent with the Eleventh Circuit precedent previously cited, Plaintiff's complaint should be dismissed without prejudice.[3]

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** as a malicious abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1); and

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 17th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

the previous lawsuit would be an inadequate sanction. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).